01

02

03

04

05

06                         UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
07                                  AT SEATTLE

08  MICHAEL RAY EVANS,                    )     CASE NO. C05-1770-MJP
                                          )
09            Petitioner,                 )
                                          )
10      v.                                )     REPORT AND RECOMMENDATION
                                          )
11  SANDRA CARTER,                        )
                                          )
12            Respondent.                 )
    _____ )
13

14                                  INTRODUCTION

15          Petitioner is a state prisoner who has filed a petition for a writ of habeas corpus under 28

16  U.S.C. § 2254.  Respondent has filed a motion to dismiss, arguing that the petition is untimely and

17  raising other procedural bars to the Court's consideration of the petition.  In addition, in response

18  to the Court's request for further briefing, the parties have addressed whether the petition is

19  successive and must be dismissed or transferred to the Ninth Circuit.  Based upon a review of the

20  parties' submissions, the Court concludes, for the reasons set forth below, that the petition is

21  successive and should be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Circuit

22  Rule 22-3(a).

REPORT AND RECOMMENDATION
PAGE -1

01 <u>PROCEDURAL HISTORY</u>

02 Petitioner pled guilty in 1975 in King County Superior Court to one count of first degree

03 robbery. (Doc. #10, Ex. 1). Under the sentencing scheme then in effect in Washington, petitioner

04 was given an indeterminate sentence to be administered by the Indeterminate Sentence Review

05 Board (the "ISRB"), not to exceed 20 years imprisonment. (*Id.*)

06 While on parole from the robbery conviction in 1988, petitioner was convicted of several

07 other crimes. (Doc. #10, Ex. 14). As a result, the ISRB revoked petitioner's parole and extended

08 the minimum prison term on his robbery conviction to December, 1994. (*Id.*, Ex. 16). In 1992,

09 however, the Board reconsidered and "paroled" petitioner so he could start serving the sentences

10 for the other crimes he had committed. (*Id.*, Ex. 18). Petitioner remains currently incarcerated on

11 these other convictions.

12 Petitioner has filed two personal restraint petitions in state court. (*Id.*, Exhibits 25 and 31).

13 The state court denied both petitions. (*Id.*, Exhibits 34 and 39). In addition, petitioner has filed

14 two federal habeas petitions in the Western District of Washington. See *Evans v. DuCharme*,

15 Case No. C97-5479-RJB; *Evans v. DuCharme*, Case No. C97-5483-FDB. The district court

16 denied both habeas petitions. (Doc. #17 in Case No. C97-5479-RJB; Doc. #18 in Case No. C97-

17 5483-FDB).

18 On October 20, 2005, petitioner filed the instant petition under 28 U.S.C. § 2254. (Doc.

19 #1). On January 12, 2005, respondent filed a motion to dismiss the petition, chiefly on the ground

20 that it was untimely. (Doc. #10). Petitioner filed a response on February 3, 2006, which included

21 exhibits that revealed the existence of one of his prior federal habeas petitions. (Doc. #11).

22 Concerned that the present habeas petition was therefore successive and the Court lacked

REPORT AND RECOMMENDATION
PAGE -2

01  jurisdiction to consider it, the Court directed petitioner to show cause why the petition should not

02  be transferred to the Ninth Circuit as a successive petition. (Doc. #12)  Petitioner filed a response

03  to the Order to Show Cause (Doc. #14) and respondent has filed a reply (Doc. #16).  This matter

04  is now ready for review.

05                                                    DISCUSSION

06           In his § 2254 motion, petitioner raises three grounds for relief. (Doc. #1 at 5-7).   In

07  essence, petitioner challenges various actions taken by the ISRB in extending his sentence.  The

08  precise dates of these actions are unclear, but it is clear that the ISRB's power over petitioner

09  ended when his maximum 20-year sentence expired in December, 1994. (Doc. #10, Ex. 23).

10  Therefore, the actions of the ISRB that petitioner complains of had to take place by 1994, at the

11  latest.

12           Respondent argues that the Court need not address the merits of the petition because it is

13  barred on several procedural grounds. (Doc. #10).  In addition, respondent argues that the petition

14  is successive and should be dismissed or transferred to the Ninth Circuit. (Doc. #16).   As

15  explained below, the Court agrees that the petition is successive and consequently, the Court need

16  not address either the merits of the petition nor the alternative procedural grounds raised by

17  respondent in her motion to dismiss.

18           Whether the Current Petition is Successive

19           By statute, this court is without jurisdiction to consider a second or successive habeas

20  petition until the Ninth Circuit Court of Appeals has authorized its filing.   *See* 28 U.S.C. §

21  2244(b)(3)(A); Circuit Rule 22-3.  Title 28 U.S.C. § 2244(b)(3)(A) provides that *before* a second

22  or successive habeas petition is filed in the district court, "the applicant shall move in the

REPORT AND RECOMMENDATION
PAGE -3

01 appropriate court of appeals for an order authorizing the district court to consider the application."

02 Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the

03 consideration of second or successive applications in the district courts. *See Felker v. Turpin*, 518

04 U.S. 651, 657 (1996). Specifically, it "transfers from the district court to the court of appeals a

05 screening function which would previously have been performed by the district court . . . ." Id. at

06 664. Permission may be obtained only by filing, with the appropriate appellate court, a motion for

07 authorization to file a successive habeas petition with the district court. The court of appeals may

08 authorize the filing of a second or successive application for habeas relief only if it determines the

09 application makes a prima facie showing that the application satisfies the requirements set forth

10 in 28 U.S.C. § 2244(b)(2).

11        Thus, the question here boils down to whether the current petition is a successive petition.

12 "Generally, a new petition is 'second or successive' if it raises claims that *were or could have been*

13 *adjudicated* on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th

14 Cir. 2001)(emphasis added). Respondent apparently concedes that the claims raised here have not

15 previously been adjudicated. (Doc. #16 at 5). However, respondent argues, and the Court agrees,

16 that the claims *could* have been adjudicated earlier. As mentioned, petitioner's claims arose by

17 the end of 1994, at the latest, when the ISRB's jurisdiction over petitioner ended. Petitioner offers

18 no reason why he could not have challenged actions by the ISRB when he brought either of his

19 earlier two habeas petitions in 1997, particularly the second petition, which challenged actions

20 taken by the ISRB. (Doc. #18, Ex. 7 at 3). Accordingly, the current petition should be considered

21 successive.

22        In his response to the Court's Order to Show Cause, petitioner addresses only one of his

REPORT AND RECOMMENDATION
PAGE -4

01 two prior habeas petitions, *Evans v. DuCharme*, Case No. C97-5483-FDB.  He argues that the

02 district court's dismissal of that petition was "without prejudice" and therefore, does not bar the

03 filing of a subsequent petition.  *See, e.g., Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45

04 (1998).  However, contrary to petitioner's assertion, the dismissal in his prior case was      *with*

05 prejudice. (Doc. #18, Ex. 8).  Accordingly, petitioner does not show that the instant petition is not

06 successive and should not be transferred to the Ninth Circuit.

CONCLUSION

08            For the foregoing reasons, petitioner's petition under 28 U.S.C. § 2254 should be

09 considered successive and transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and

10 Circuit Rule 22-3(a).[1]  A proposed Order is attached.

11            DATED this <u>2nd</u> day of June, 2006.

13                                                    Mary Alice Theiler
                                                     United States Magistrate Judge

---

20            [1] Although respondent argues that the instant petition should be dismissed instead of
21 transferred to the Ninth Circuit, dismissal of a successive petition is reserved, by statute, for
situations where the successive petition presents a claim that the was previously presented.  *See*
28 U.S.C. § 2244(b)(1).  Here, as noted, respondent appears to concede that the instant claims
22 were not presented in a previous petition.

REPORT AND RECOMMENDATION
PAGE -5